# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AARON L. JONES, SR., ) | CASE NO. 1:17 CV 2588 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| GRAFTON CORRECTIONAL ) | |
| INSTITUTION STAFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Aaron L. Jones filed this action under 18 U.S.C. §§ 242, 245, and 249, and 42 U.S.C. §§ 1981, 1983, and 3631 against the Grafton Correctional Institution ("GCI") Staff, Corrections Officer Jerry Snyder, Sergeant Pletcher and Lieutenant Linden. In the Complaint, Plaintiff alleges Defendants conspired together to take his personal property and move him to the segregation unit. He seeks monetary and injunctive relief.

## I. BACKGROUND

Plaintiff contends he arrived at GCI in January 2013. He indicates Linden was a Corrections Officer at that time and harassed him as the new inmate in the unit. He contends Linden searched his cell four times in one week. The first three searches did not yield any contraband. On the fourth search, Linden took Plaintiff's CD player and his adapter saying they had been altered. Plaintiff indicates he had been transferred from Marion Correctional

Institution ("MCI") and his prison ID number had been etched onto them pursuant to MCI policy. He also contends his adapter was repaired by the electronics shop at MCI. He asked that the confiscated items be mailed home but they were not.

Plaintiff alleges Pletcher and an inmate clerk regularly take property that is confiscated for personal use. He indicates that he had a CD player and some CDs that were confiscated. He states he saw Pletcher and the inmate clerk playing his CDs in the office. He states that on another occasion, he had speakers he had made in arts and crafts. The headphone jack on the speakers was not working properly so he asked a friend to fix them. Plaintiff contends Pletcher confiscated the speakers from the friend and told Plaintiff he could come to the office to claim them. Plaintiff thought this to be a trap and did not go to the office. Pletcher told him the speakers were destroyed but Plaintiff believes the inmate clerk took them.

Finally, Plaintiff alleges he received a conduct report and was sent to segregation for arriving at the medical department twelve minutes before his medical pass permitted him to do so and was engaging in a physical altercation with Snyder. Plaintiff contends he was the medical unit checking his blood sugar levels as he is permitted to do to monitor his diabetes. His medical pass allowed him to be in the medical department at 6:30 a.m. Snyder found Plaintiff in the medical department at 6:18 a.m. Plaintiff alleges he has a fifteen minute grace period on his pass, so he was not out of place. Snyder disagreed and attempted to take Plaintiff's identification card. Plaintiff interpreted this as an attempt to place hands on him and resisted. Snyder's partner intervened and subdued Plaintiff. He was taken to segregation.

Plaintiff claims the Defendants conspired against him to keep him at GCI and in segregation. He asserts violations of 18 U.S.C. §§ 242, 245, and 249, as well as 42 U.S.C. §§ 1981, 1983, 3631.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**18 U.S.C. §§ 242, 245, and 249**

Plaintiff first asserts claims under 18 U.S.C. §§ 242, 245, and 249. These are criminal statutes. They provide no private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Plaintiff lacks standing to file an action under 18 U.S.C. §§ 242, 245, and 249. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008).

**42 U.S.C. § 1981**

Plaintiff next asserts claims under 42 U.S.C. § 1981. This statute prohibits racial discrimination in the making and enforcement of private contracts. See 42 U.S.C. § 1981. The statute applies to all incidents of the contractual relationship, including discriminatory contract terminations; however, Plaintiff does not allege he was attempting to make or enforce a contract. See 42 U.S.C. § 1981(b). He also does not allege his race nor does he allege facts to suggest Defendants discriminated against him on the basis of his race. He fails to state a claim under 42 U.S.C. § 1981.

**42 U.S.C. § 1983**

Plaintiff also fails to state a claim for relief under § 1983. To establish a prima facie case under 42 U.S.C. § 1983, he must assert that a person acting under color of state law deprived

him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Plaintiff has not alleged facts to suggest the Defendants violated his constitutional rights.

Plaintiff indicates he was the subject of retaliation.  Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights.  *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).  To state a *prima facie* case for retaliation prohibited by the First Amendment, Plaintiff must establish: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that a causal connection exists between the first two elements.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Plaintiff recites these elements of the cause of action and then states this is "pretty much self-explanatory to the dicta in this action."  (ECF No. 1 at 5).  While the actions described by Plaintiff may arguably qualify as adverse actions, he does not allege facts to suggest he engaged in protected conduct or that his engaging in protected conduct motivated the Defendants' actions.

Plaintiff also indicates the Defendants conspired against him.  For the conspiracy claim to arise under § 1983, Plaintiff must allege facts suggesting state actors conspired together to deprive him of his federal constitutional rights.  *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989).  Plaintiff does not allege facts suggesting a violation of a federal constitutional right. Furthermore, to state a conspiracy claim, Plaintiff must allege facts to indicate there was a single plan, that the alleged coconspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the

Plaintiff. Conspiracy claims must be pled with some degree of specificity. Vague and conclusory allegations are not sufficient to meet this pleading standard to state such a claim under § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff mentions encounters he had with three corrections officers from January 2013 to December 2017. There are no facts suggesting how these incidents are part of larger conspiracy. Simply stating they were engaged in a conspiracy does not meet this standard.

The only other possible constitutional claim the Court can discern is one for taking of his property. Section 1983 was not meant to supply an exclusive federal constitutional remedy for every alleged wrong committed by state officials. When a state official takes property, it will only offend the Constitution if the inmate has a recognized protected interest in the property, and it was taken without providing due process. Plaintiff must plead and prove either that the Defendants deprived him of his property as a result of an established state procedure that itself violates due process rights; or that the Defendants deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff does not raise a specific challenge to an established state procedure. Instead, he claims that the Defendants deprived him of his property due to unauthorized acts. He must therefore plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. A remedy is available to Plaintiff in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). He has not indicated that he has pursued this remedy nor does he give any indication that the state remedy available to him would be inadequate.

Finally, to the extent Plaintiff intended to assert another claim under § 1983, it is not apparent on the face of the Complaint. Although the standard of review is liberal for *pro se* litigants, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). If Plaintiff was attempting to assert a claim other than one for retaliation or denial of due process, he failed to met basic pleading requirements to state a claim.

**42 U.S.C.A. § 3631**

The last statute Plaintiff cites as a basis for relief is 42 U.S.C.A. § 3631. This statute concerns discrimination in renting, selling, or purchasing real property. It has no apparent relevance here.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: April 19, 2018

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.